UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT J. RITCHIE**, p/k/a Kid Rock; and
**TOP DOG RECORDS, INC**., a Michigan
corporation,

    Plaintiffs,

vs.   Case No.: 06-10769
HON. JOHN FEIKENS

**WORLD WIDE RED LIGHT DISTRICT**; a
California corporation; and **DAVID JOSEPH**,
jointly and severally,

    Defendants.

| | |
|---|---|
| **WILLIAM H. HORTON** (P31567) | **PETER M. FALKENSTEIN** (P61375) |
| **MICHAEL A. NOVAK** (P31549) | **AARON L. WARREN** (P65522) |
| **KAVEH KASHEF** (P64443) | Attorneys for Defendants |
| Attorneys for Plaintiffs | JAFFE, RAITT, HEUER & WEISS, PC |
| COX, HODGMAN & GIARMARCO, P.C. | 201 South Main Street, Suite 300 |
| Tenth Floor Columbia Center | Ann Arbor, Michigan 48104 |
| 101 W. Big Beaver Road | ☎(734) 222-4776 |
| Troy, Michigan 48084 | |
| ☎(248) 457-7000 | |

# PERMANENT INJUNCTION AND
# DISMISSAL WITH PREJUDICE

At a session of Court, held in Detroit, Michigan on:

**JUNE 14, 2006**

PRESENT:    HON. JOHN FEIKENS
                     U.S. District Judge

Upon the stipulation of the parties, and the Court being fully advised in the premises;

**IT IS ORDERED** as follows:

1. Defendants and their agents, officers, employees, attorneys, and those in active concert or participation with them who receive actual notice of this Order are PERMANENTLY ENJOINED from:

    A. Selling, attempting to sell, causing to be sold, copying, reproducing, publishing, disseminating, distributing, circulating, promoting, marketing or advertising the video which is the subject of this case (the "Video") or any portion, including the Video "preview" or any still images from the Video, or permitting any other individual or entity to do any of the above;

    B. Taking orders for copies of the Video through the internet or any other means;

    C. Delivering or shipping copies of the Video by any means, including the internet, except as permitted under ¶2; and

    D. Using Plaintiff Ritchie's name or likeness, including the name Kid Rock, in any manner, including in the advertisement or promotion of any products or services in any manner or in an internet domain name.

2. Defendants may copy and deliver only an Obscured Video (as defined below) to their counsel, consultants, and experts in the cases of Stapp v World Wide Red Light District, United States District Court, Central District of California, Case No.: CVU6-1570 (the "Stapp Lawsuit") and Jane Doe v World Wide Red Light District, Florida Eleventh Judicial Circuit Court, Case No.: 06-04056-CA-04 (the "Jane Doe Lawsuit").  The Obscured Video shall be a copy of the Video which completely and irreversibly electronically obscures the image of Plaintiff Robert Ritchie throughout the entire video.  Defendants shall provide a copy of this Order to any such recipients of the Obscured Video and, by accepting a copy of the Obscured Video, they shall be subject to this Order.  If the Obscured Video is provided as allowed above, Defendants shall simultaneously provide a copy of the Obscured Video to Plaintiffs' counsel.

      3. If the Video is requested by any party in the Jane Doe Lawsuit, the Stapp Lawsuit, or by any other person, Defendants shall not provide it without further order of this Court. If the Obscured Video is properly requested by any party in the Jane Doe or Stapp Lawsuits, Defendants may provide a copy of the Obscured Video only if all of the parties to that case first enter a protective order or other order that restricts the use of the Obscured Video to the parties, their counsel and consultants in the Jane Doe and Stapp Lawsuits and prohibits disclosure or dissemination of the Obscured Video.

      4. Defendants have provided to Plaintiffs the name and address of the person from whom they obtained the Video and provided Plaintiffs with copies of all documents related to the acquisition of the Video (the "Source"). The Source has signed an affidavit that provides identifying information (a copy of their valid drivers license), identified all persons who have a copy of the Video to the best of their knowledge, acknowledged that they have been provided with a copy of the temporary restraining order that is in effect in this case and the Preliminary Injunction and Additional Orders and agree to be bound by them. The obligations in the Preliminary Injunction and Additional Orders that apply to the Source are continued in this Order. Plaintiffs shall keep the information, documents, and affidavits provided under this paragraph confidential and shall not disclose them without Defendants' and the Source's consent, further order of this Court or proceedings necessary to enforce this paragraph. Plaintiffs shall promptly notify Defendants if a third party, court or tribunal issues any legal process or order to them demanding the information, documents or affidavits provided under this paragraph so that Defendants have an opportunity to object. Defendants shall not be liable if the Source, or any person acting in concert or participation with or on behalf of the Source violates this injunction without Defendants' knowledge.

      5. The Court retains jurisdiction solely to enforce this Order, determine any

requests properly brought for modifications to it, or conduct proceedings against the Source, from whom Defendants obtained the Video.  IT IS ALSO ORDERED, that this Case is DISMISSED with prejudice and without costs.

**s/John Feikens**
John Feikens
United States District Judge

Dated:  June 14, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 14, 2006.
>
> s/Carol Cohron
> Deputy Clerk

**I STIPULATE TO ENTRY**
**OF THE ABOVE ORDER:**

 s/William H. Horton
**WILLIAM H. HORTON** (P31567)
Attorney for Plaintiffs
E-M:   bhorton@chglaw.com

 s/Peter M. Falkenstein
**PETER M. FALKENSTEIN** (P61375)
Attorney for Defendants
E-M:   pfalkenstein@jaffelaw.com